UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RICHARD ANTHONY<br>REG. # 44849-074 | : | DOCKET NO. 17-cv-365 |
| VERSUS | : | UNASSIGNED DISTRICT JUDGE |
| CALVIN JOHNSON | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion for Preliminary Injunction [doc. 15] filed by petitioner Richard Anthony, who is seeking relief from this court through a petition for writ of habeas corpus [docs. 1, 8] filed pursuant to 28 U.S.C. § 2241. Anthony is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

Anthony submitted this motion in the form of a letter to the clerk, in which he alleged certain dangers at FCIO and hinted at others. Doc. 15. Specifically, he contends that a BOP officer has attempted to solicit him and wanted him to sell drugs for her. *Id.* He also states that FCIO officers have failed to provide him adequate services or protection from other inmates under the Prison Rape Enforcement Act of 2003, 42 U.S.C. § 15601 *et seq.*, and that they have revealed to inmates that he reported them. *Id.* He requests that the court send someone to investigate and put him in touch with a prosecutor. *Id.* Accordingly, we construe his letter as a request for preliminary injunctive relief.

## II.
### LAW & ANALYSIS

Preliminary injunctive relief "is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quotations omitted). Specifically, a movant must establish **all** of the following elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

Anthony's request does not address his likelihood of success on the merits in his habeas petition or the impact of any injunctive relief on the public interest. His allegations are also too vague for this court to determine if he is under current threat of irreparable injury. Accordingly, he has not carried his burden on this motion.

## III.
### CONCLUSION

Based on the foregoing, the Motion for a Preliminary Injunction is **DENIED**, without prejudice to Anthony reasserting it if he can meet the elements described above.

THUS DONE AND SIGNED in Chambers this 2nd day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE